## No. 10,355.

## DANIEL COHEN vs. HAYNES & ROGERS — UNION NATIONAL BANK, INTERVENOR.

1. A, having sold an agricultural product of this State, in the City of New Orleans, to B, on five days' credit, and B having, within the five-day limit. pledged the bills of lading therefor to C, and, as against the assertion of A's lien, C having set up a claim of ownership : *Held* that C cannot subsequently, and in the *same suit. without any change of pleading*, abandon his claim of ownership and assert, in argument, a *lien and privilege* resulting from his pledge. In such case the court has to deal with the issues presented in the pleadings, and leave the losing party to his recourse, in some other form of action.

APPEAL from the Civil District Court, Parish of Orleans.
    *Ellis*, J.

*Bayne, Denègre & Bayne* for Plaintiffs and Appellee:

The lien of the vendor of sugar, an agricultural product sold in New Orleans, when enforced in five days, is superior to that of the holder for value of a bill of lading. 38 Ann. 12; 37 Ann. 53; 36 Ann. 484.

' The five days' lien on agricultural products in favor of the vendor exists whether the sale was made for cash or on credit, and is enforceable after the produce has gone into the possession of third parties, under a *bona fide* sale, equally as well as while it is in possession of the original vendee. Gumbel vs. Beer, 36 Ann. 484, reaffirmed.

The intervenors have claimed ownership. The evidence offered by them shows that they are not and never were owners. Nugent & Co. vs. Buisson, 35 Ann. 112.

*Harry H. Hall* for Defendants and Appellants.

*Carleton Hunt* for Intervenor and Appellant.

The opinion of the court was delivered by

WATKINS, J. This contest involves the vendor's lien of the seller of two hundred and twenty-nine barrels of sugar, to the defendant, and that of the pledgee of a bill of lading for the same sugar; and the main question argued in the briefs is, as to which of the two is entitled to be preferred upon a distribution of the proceeds.

It is a conceded fact, that on the 24th of December, 1887, the plaintiff sold to the commercial firm of Haynes & Rogers, the defendant, the said sugar for the price of $4135 24, and on the 27th of the same month plaintiff obtained its sequestration, on appropriate averments of privilege. One the 28th of same month the Union National Bank filed a petition of intervention, in which it is averred that it is the "*owner* of 229 barrels of sugar, designated in plaintiffs' petition  *  *  and that it was already in possession of said sugar when the sequestration herein issued, said possession (being) held through and by virtue of a bill of lading  *  *  duly indorsed by the defendants.

"That the sugar is not the property of defendants, and is not liable for their debts; and that the plaintiff has no lien or privilege, of any kind upon the same. That David Cohen, plaintiff, sold the same to Haynes & Rogers  *  *  expressly, on the credit of the latter, and looking, only, to them, and that it was duly transferred to it by Haynes & Rogers, in consideration of the negotiation of their sight draft for $4000, in conformity with law and commercial usage." The prayer of the intervention is "that there be judgment in favor of petitioners, decreeing it to be owner of said sugar, and that same was not subject to sequestration herein; setting aside said sequestration, dismissing the plaintiff's claim to a lien and privilege on said property, and ordering that the same be forthwith restored to the possession of petitioner," etc.

This quotation is made from the petition of intervention for the purpose of accurately stating the issues raised by the pleadings, as contra-distinguished from those argued in intervenor's counsel's brief; for it is therein stated that "this is a contest involving 229 barrels of sugar, claimed by David Cohen, plaintiff and appellee, of the one part, and as vendor, and by the Union National Bank, intervenor, and appellant herein, of the other part, *as pledgee* under a bill of lading." *Vide* first paragraph of brief, on page one.

There can be no doubt of the fact that this declaration is tantamount to an actual abandonment of all claim of *ownership* of the sugar, on the part of the intervenor, and an announcement of its purpose to assert a lien and privilege on the sugar, superior in rank, and entitled to preference over that asserted by the plaintiff, on its proceeds.

Our attention has been invited to this phase of the controversy by plaintiff's counsel, who insist that this admission—and it is in keeping with the evidence on the subject—is fatal to intervenor's case; and we are inclined to think he is correct.

The case of Allen Nugent & Co. vs. Ben Buisson, Bickham and Moore, Intervenors, 35 Ann. 108, presents a precisely similar issue. The plaintiffs sold the defendant a number of bales of cotton, the price of which was not paid, and *after the expiration of five days*, the defendant delivered same to the intervenors, the proceeds to be applied to the payment of a debt of his to them. The plaintiff caused the cotton to be sequestered in satisfaction of his vendor's lien, and it was bonded by the intervenors and third opponents, on an allegation of *ownership*. The court say:

"The contention is simply between the third opponents who claim *ownership* of the cotton * * and the plaintiffs, who merely ask the resolution of the sale, which they made of the cotton to the defendant, from whom the opponents claim to have received it, in payment of an indebtedness in their favor. * * * The third opponents were not made, and have not become defendants in plaintiffs' suit. They have made themselves claimants in it, and have forced upon the plaintiffs the attitude of defendants on their third opposition. Upon them rests the burden of proving their averment of *title* to the cotton, by transfer and possession. Should they fail in this, then plaintiffs would be entitled to recover possession of the cotton, which the opponents claim to hold *animo domini*.

"There can be no doubt, as a rule, *positis ponendis*, that one to whom cotton has been sold, and delivered, and who is in actual possession, apparently as owner, may lawfully sell it, or transfer it in payment of his debt, free from all claim, *after five days* have elapsed from the delivery to him, and that the sale, or giving in payment, for non-payment of the price, cannot be annulled when the cotton has been turned over to the purchaser or creditor, and *title* of ownership has thereby been vested. Hence, the theory upon which the opponents revendicate the cotton is, that the *ownership* had passed from the defendant and *has vested in them*. * * In order to show title, the opponents aver that the cotton was given to them in payment of their claim; but they have introduced no evidence that such was the intention of the parties on the subject.

"It is true that the opponents were the *creditors* of the defendant, and that the cotton was delivered to them by his order; but the circumstances under which the transaction took place do not establish an intention, a consent, in the parties to give and receive the cotton in pay-

ment of a debt. The evidence does not show that the cotton was transferred for any specific price, agreed upon and fixed for the giving in payment, which is assimilated to a sale.    *    *    *    *    *    *

" The intervenors have boldly averred a title of ownership, and have revendicated the cotton as their property. They did not allege a contract of pledge, or assert any other right than of ownership. They had to elect, and they have done so.    *    *    *    *    *    *    *

" We have not to deal with the case as it might have been presented. As it is submitted by the pleadings and by the evidence, so must it be decided, particularly when thereby the ends of justice are fully attained."

The court then proceeded to render a judgment against the intervenors, and third opponents, and in favor of the plaintiffs.

The principles therein announced are of superior force and applicability here, because, in the instant case, the proof shows that the defendants, Haynes & Rogers, had transferred to the intervenor the bills of lading for the sugar, *within the five days' limit* within which the lien of the vendor may be enforced against an agricultural product, irrespective of any other claims to, or rights upon the commodity in favor of third and subsequent parties. In that case the claims of the opponents arose *after* this limit had expired, and they lost, on the *sole* ground that they had asserted title to, and not a lien and privilege on the property. We think the demand of the plaintiff might well have been placed upon his superior lien on the sugar, but our opinion serves the same purpose.

Judgment affirmed.